**James A. FROST, Appellant**

v.

**CATHOLIC UNIVERSITY OF AMERICA, et al., Appellees.**

**No. 13–7139.**

United States Court of Appeals, District of Columbia Circuit.

May 2, 2014.

Rehearing En Banc Denied June 9, 2014.

James A. Frost, Falling Waters, WV, pro se.

John Timothy Bergin, Thompson Hine LLP, Washington, DC, for Appellees.

Before: GRIFFITH, SRINIVASAN, and WILKINS, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties, the notices filed by appellant, and appellees' request for damages and costs. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed August 15, 2013, be affirmed. On appeal, appellant challenges only the dismissal of his 42 U.S.C. § 1983 claims against appellees Vernon Ennels, John Garvey, Thomasine Johnson, Donald Wuerl, and Barry Knestout for violating his Fourth Amendment rights. Applying an "objective assessment" of the actions of Vernon Ennels "in light of the facts and circumstances confronting him at the time" he detained the appellant, *Maryland v. Macon*, 472 U.S. 463, 470, 105 S.Ct. 2778, 86 L.Ed.2d 370 (1985) (internal quotation marks omitted), Ennels had probable cause to believe that appellant had committed the offense of unlawful entry on property in violation of D.C.Code § 22–3302, *see Culp v. United States*, 486 A.2d 1174, 1176 (D.C.1985). Therefore, the district court correctly concluded that appellant failed to state a 42 U.S.C. § 1983 claim against Ennels for violating his Fourth Amendment rights. And because the Fourth Amendment claims against Garvey, Johnson, Wuerl, and Knestout are predicated on Ennels having unlawfully seized appellant, it logically follows that these claims must fail in light of appellant's failure to state a Fourth Amendment claim against Ennels. *See generally In re Orthopedic Bone Screw Products Liability Litigation*, 193 F.3d 781, 789 (3d Cir.1999) ("[O]ne cannot sue a group of defendants for conspiring to engage in conduct that would not be actionable against an individual defendant."). It is

**FURTHER ORDERED** that appellees' request for damages and costs be denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.